In the Matter of the Marriage of

HILL,

*Respondent,*

*and*

HILL,

*Appellant.*

(15-86-07066; CA A44320)

752 P2d 1264

Martha J. Rodman, Eugene, argued the cause for appellant. With her on the brief was Gleaves, Swearingen, Larsen & Porter, Eugene.

Hale G. Thompson, Eugene, argued the cause for respondent. With him on the brief was Thompson & Anderson, Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

---

*Joseph, C. J., *vice* Young, J., deceased.

WARDEN, P. J.

**WARDEN, P. J.**

■ Wife appeals from a judgment of dissolution, assigning error to the trial court's award to her of $850 per month spousal support for two years and $650 per month thereafter. She contends that the court should have awarded her $950 per month permanent spousal support. We agree and modify the judgment accordingly.

The parties were divorced in June, 1987, after 32 years of marriage. Husband is a buying supervisor for a grocery chain. His gross earnings, including bonuses, were $48,350 in 1985 and $46,253 in 1986.[1] Wife has been primarily a homemaker, a role that husband encouraged, even after the children had grown, so that she would be free to travel with him. When the parties separated in 1985, wife attended a community college and became employable as a receptionist. At the time of trial, she was employed as a receptionist on a probationary, on-call basis. If she is kept on the job beyond the probationary period, she may earn $8,424 per year. The parties' stipulation for settlement of issues, which was incorporated in the judgment, provides that husband would receive bank accounts and IRAs totalling approximately $30,247 and that wife would receive approximately $25,532 in cash.

■ The sole issue on appeal concerns the amount of spousal support. Under the trial court's award, wife's annual income for the first two years after the divorce, assuming that she keeps the job, would be $18,624 and $16,224 thereafter. Husband's income, assuming his earnings are not less than in 1986, would be more than $36,000 for the first two years and more than $38,000 thereafter. Given the length of the marriage and the earning capacities of each party, the result is not "just and equitable." ORS 107.105(1)(d). Parties to a long-term marriage should leave the marriage in approximately equal positions, if possible. *Pierce and Pierce,* 70 Or App 24, 28, 688 P2d 114 (1984). The spousal support awarded by the trial court fails to accomplish that goal. We increase wife's spousal support award to $950 per month, permanently.

Judgment modified to award wife $950 permanent spousal support; affirmed as modified. Costs to wife.

---

[1] Husband's employer provided the funds for Individual Retirement Accounts (IRAs) and reimbursement for meals and the use of his automobile.