Argued and submitted February 18, 1987, judgment modified and affirmed on cross-appeal January 27, reconsideration denied February 26, petition for review denied March 22, 1988 (305 Or 433)

In the Matter of the Marriage of

LANGAN,
*Appellant - Cross-Respondent,*
*and*

LANGAN,
*Respondent - Cross-Appellant.*

(15-85-04793; CA A39557)

748 P2d 1035

Herbert W. Lombard, Jr., Eugene, argued the cause for appellant - cross-respondent. With him on the briefs was Lombard, Gardner, Honsowetz & Brewer, Eugene.

E. B. Sahlstrom, Eugene, argued the cause for respondent - cross-appellant. With him on the briefs was Sahlstrom & Dugdale, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In this appeal from a dissolution judgment, wife contends that the trial court erred in awarding a disproportionate share of the parties' property to husband and in treating her pending personal injury claim as a marital asset. On appeal, we modify the judgment and affirm it as modified. We affirm on husband's cross-appeal.[1]

This 12-year marriage was the second for both husband and wife. He is 50, and she is 46. Both are in good health. The parties' educational levels are approximately the same; each has limited vocational training, husband's in auto repair and wife's in secretarial work. During the marriage, husband managed real estate and small businesses that they owned, including rental property, two taverns and a restaurant in which he was a limited partner. Wife did not work outside the home, except for part-time secretarial work during the first two years of the marriage. The couple traveled extensively; since 1980, wife has spent several months a year apart from husband in their condominium in San Diego. She was injured in an automobile accident, for which she presently has a personal injury claim of uncertain value.

The record supports the trial court's finding that nearly all the property of the parties, including the couple's home, was acquired by husband before the marriage or by him during the marriage with assets that he previously held. Wife had a relatively small amount of cash and personal items at the time of the marriage. He retained exclusive control over all business and family finances, giving wife periodic cash disbursements from accounts held in his name alone. The parties' adjusted gross incomes during the last two years of the marriage were $74,287 and $65,684. The trial court awarded husband the tavern, the condominium, the residence and most of the other properties. It acknowledged husband's potential tax recapture liability from an unsuccessful tax shelter investment. It awarded wife her personal injury claim, the parties' interest in the restaurant, a judgment for $34,000 and spousal support of $2,000 per month for the first year, $1,500 per month for the next year and $1,000 for the next three years.

---

[1] On cross-appeal, husband contends that the trial court erred in denying his motion to reopen to present additional evidence, in awarding spousal support totaling $78,000 over a five-year period and in awarding wife attorney fees.

■ Wife contends that the court's distribution of property ignored her right to share in property that was acquired or that increased in value during the marriage. The award, she argues, fails to recognize the rebuttable presumption of her equal contribution toward the acquisition of marital assets. ORS 107.105(1)(f). Husband argues that, because he acquired some of the assets before the marriage and because wife contributed no significant effort to the businesses, the presumption of equal contribution has been overcome. We do not agree. The presumption is applicable in this case. We conclude that, although some recognition should be given to the fact that husband brought substantial assets to the marriage, the trial court did not give sufficient weight to wife's presumed contribution to the acquisition and increase in value of the assets.

*Olinger and Olinger,* 75 Or App 351, 707 P2d 64, *rev den* 300 Or 367 (1985), is similar. It involved an eight-year marriage during which the husband held assets in his name alone. The husband there, like husband here, claimed that the statutory presumption was overcome, because property that he brought to the marriage was the source of funds for the purchase of other businesses and because his salary from those businesses was the major source of funds in family accounts. We stated that a court *may* consider the source of funds belonging to one party if they remain segregated, but that unsegregated funds need not be traced to their ultimate source in the absence of a compelling reason:

> "The fact that husband's salary came in part from a dealership which he owned before the marriage does not lessen the fact that it was family income. Neither does the fact that husband, because of his business success, contributed a greater share to the joint account make it necessary to ascribe to him a greater share of the assets purchased from that account." 75 Or App at 355.

Husband gives no compelling reason to treat any assets as segregated for purposes of distribution. He made no distinction among his various properties as sources of income for family expenses. His exclusive control of the assets during the marriage does not compel us to do so. In *Olinger,* the wife did contribute some earnings to the parties' joint account and

she did participate, to a limited extent, in the family businesses. However, we found that that merely strengthened, rather than determined, the presumption of equal contribution. 75 Or App at 355. Here, husband was the sole source of family income; there are no jointly owned assets and wife did not work outside the home. Her work in the home was a contribution as much as was his income. Husband has not rebutted the presumption of equal contribution to the acquisition and increase in value of marital assets. *See also Crislip and Crislip,* 86 Or App 146, 738 P2d 602 (1987).

 Wife also argues that her personal injury claim should not be considered in the distribution, because it is too speculative to be valued. Preliminary settlement offers indicate a value of approximately $25,000, from which attorney fees and additional dental expenses would be deducted. The proper treatment of a pre-dissolution personal injury claim has not been directly addressed in Oregon. However, even if her claim is not a marital asset, it is property, and a court has the power to consider any property held by either party in determining how to make a property division. ORS 107.105(1)(f); *Pierson and Pierson,* 294 Or 117, 121, 653 P2d 1258 (1982). The trial court acknowledged the uncertain value of the claim. We do not think that wife was unfairly treated by including it in the calculation.

The parties' valuations of the marital assets differ significantly.[2] The evidence of property values in this case is very limited. The trial court made no express findings about values. We assume that it found the actual values of the properties at issue to be somewhere between the extremes of the values presented by the parties. *See McCoy and McCoy,* 28 Or App 919, 928, 562 P2d 207 (1977).

The disparities between their valuations stem from their different methods of valuation. Wife relies primarily on tax assessment values. Husband's valuations are his own estimates based on his business experience. The El Dorado Tavern, awarded to husband, accounts for a significant portion of

---

[2] Under wife's valuations, husband received $1,018,299, wife $128,540. Under husband's valuations, he received $788,000, wife $294,120 to $494,120. Wife's uncertain survivorship interest in her father's property accounts for the range.

the discrepancies. Husband values the property and the business at $157,000; wife values them at $295,000. Her expert testified that the value of the tavern business alone is $128,000; husband testified that it is zero. The opinion of wife's expert appears optimistic, because his net profit figure does not reflect any rent or interest expenses. Husband's opinion as to poor market conditions and the high cost of liability insurance appears overly pessimistic. We find the reasonable value of the property and the business to be $250,000.

Another valuation discrepancy concerns the Carrow's Restaurant property, awarded wife. Husband estimates that the value of the land and improvements, before considering $182,430 of encumbrances, is $260,120. Wife relies on tax assessments for a value of $114,760. We agree with wife's valuation. The final significant discrepancy is in the value of the parties' residence, which husband values at $85,000 and wife at $100,000. The present tax assessment of the residence is $101,300. We accept wife's valuation of $100,000.

After reviewing the record, our valuations of the property are:

| | |
|---|---|
| Husband's Bank accounts and IRA[3] | $ 42,000 |
| El Dorado Tavern | 250,000 |
| Highway 99 properties | 295,620*[4] |
| Economy Auto Wreckers | 100,150* |
| Residence and furnishings | 115,000 |
| San Diego condominium | 46,000* |
| Boat and trailer | 1,500 |
| Chevrolet pickup | 1,500 |
| 1985 Mercedes automobile | 28,000 |
| 1977 Cadillac automobile | 1,500 |
| Moped | 250* |
| Kinney Loop property[5] | 26,740* |
| Wife's cash | 1,000* |
| Furniture, jewelry and effects, furnishings from condominium | 5,830* |
| 1984 Cougar automobile | 7,000 |

---

[3] Wife claims that this figure should be $83,475. Husband testified at trial that the account balances as of the date of dissolution were reduced by unidentified expenditures before the trial.

[4] Asterisks indicate that there is no valuation dispute between the parties.

[5] This property was not included in the trial court's list. It is rental property and was discussed at trial.

| | |
|---|---|
| Balance due on loan from Scott Herd | 1,000* |
| Wife's personal injury claim | 25,000 |
| Carrow's Restaurant property | 114,760 |
| Wife's interest in father's property | 0 |

Under ORS 107.105(1)(f), a court must divide the property of the parties in such a manner "as may be just and proper in all circumstances." We believe that the circumstances justify recognition of the substantial assets brought to the marriage by husband. Nonetheless, the trial court did not give sufficient recognition to wife's contribution to property acquired or increases in value that occurred during the marriage; she should receive a more equitable share of the assets. Accordingly, we modify the judgment to award her the San Diego condominium and a judgment in the amount of $60,000, instead of the trial court's award of $34,000.

Judgment modified to award wife the San Diego condominium and a judgment for $60,000, with interest at nine percent per annum, $30,000 payable no later than one year from the effective date of the appellate judgment and $30,000 payable no later than five years from the effective date of the appellate judgment; affirmed on cross-appeal; costs to wife.