In the Matter of the Marriage of

## PETERMAN,
*Respondent,*
*and*

## PETERMAN,
*Appellant.*

(15-87-04571; CA A47286)

764 P2d 962

James H. Anderson and Thompson and Anderson, Eugene, filed the brief for appellant.

Elmer B. Sahlstrom, Eugene, argued the cause for respondent. With him on the brief was Sahlstrom & Dugdale, Eugene.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this action for dissolution of marriage, wife appeals the trial court's division of property. The issues are whether wife's structured settlement from a personal injury action should be considered a marital asset and whether she overcame the disputable presumption of equal contribution to the acquisition of assets.

The parties were married for 10 years and had lived together for three years before the marriage. At the time of the dissolution, both husband and wife were 40 years of age. There are no children born of this marriage. Husband came into the marriage owning a duplex, and during the marriage the parties accumulated various other assets.

While working for her husband at a construction site, wife received serious injuries when she fell two stories and landed on her head on a concrete slab. She brought an action pursuant to ORS 656.154 against the owner of the property and others. Husband did not join wife's action, did not make a separate claim, and did not file a separate action against the third parties for loss of consortium. In 1985, wife's lawsuit was settled. The settlement provided for future fixed sum payments, in addition to payments already made,[1] as compensation for wife's past and future pain and suffering, loss of earning capacity and future medical expenses. The initial payment was $165,000, made in March, 1985.[2] After payment of

---

[1] The settlement provided for the following future payments:

| Year | Amount | Present Value | SAIF |
|---|---|---|---|
| 1992 | $ 30,000 | $23,146.54 | $ 7,715.52 |
| 1997 | $ 40,000 | $22,880.26 | $ 5,720.07 |
| 2002 | $ 45,000 | $19,123.81 | $ 6,374.60 |
| 2007 | $ 60,000 | $18,917.85 | $19,810.18 |
| 2012 | $ 60,000 | $14,035.59 | |
| | $235,000 | $98,104.05 | |

After the accident, wife received total temporary disability payments from SAIF until March, 1985, totaling $74,000. Wife paid $15,000 to SAIF out of the initial $165,000 payment made in 1985, and will continue to repay SAIF out of the future payments, as shown above.

The court used the $98,104.05 present value figure when determining marital assets.

[2] When the first check arrived, it was in the joint names of husband and wife. Husband refused to sign the check or release the documents, so the insurance company reissued the check solely in the name of wife.

$15,000 to SAIF and $80,000 in attorney fees, wife netted $70,000. She purchased a house on Marcola Road with that money and made other family expenditures.

The court attempted to make an equal distribution of the marital assets. It included the settlement and the Marcola Road house in the assets, after finding that wife did not overcome the disputable presumption that husband contributed equally to the acquisition of the personal injury award. To equalize the disparity resulting from the awards of real and personal property, the court gave husband a $15,000 judgment lien against the future proceeds of wife's injury settlement. The judgment awarded no spousal support.

■ Oregon courts have not decided whether a pre-separation injury settlement awarded solely to one party of the marriage is a marital asset for purposes of distribution. In *Langan and Langan,* 89 Or App 320, 324, 748 P2d 1035 (1988), we held that, even if a pre-dissolution personal injury claim was not a marital asset, it was property subject to the court's property division determination. ORS 107.105(1)(f).[3]

Nonetheless, here wife overcame the presumption that husband contributed equally to the acquisition of the award. Husband had no part in the action or the settlement and claimed no damages for loss of consortium. The future payments would compensate wife for pain and suffering continuing after the marriage ended, for future loss of her ability to earn and for future medical expenses. They should not have been treated as property to be divided, but as separate property of wife.

■ However, because wife used the payments that she received from the settlement during the marriage for the benefit of the family, she converted those payments and proceeds into marital property divisible by the court. It was proper for the court to include the Marcola Road home in the property division, but it should not have included the present value of

---

[3] ORS 107.105(1)(f) provides, in part:

"(f) For a division or other disposition between the parties of the real or personal property, or both, of either or both of the parties, as may be just and proper in all the circumstances. * * * There is a rebuttable presumption that both spouses have contributed equally to the acquisition of the property during the marriage, whether such property is jointly or separately held * * *."

the future payments. The provision awarding husband a $15,000 judgment lien against wife's future injury settlement payments must be vacated.

Judgment modified to delete $15,000 judgment in favor of husband; otherwise affirmed. No costs to either party.