Submitted April 4, portion of general judgment of dissolution relating to property division reversed and remanded for reconsideration; otherwise affirmed June 11, 2014

In the Matter of the Marriage of

Shondalae BENSON,
*Petitioner-Respondent,*
*and*

Phillip BENSON,
*Respondent-Appellant.*

Lane County Circuit Court
151309273; A155392

328 P3d 819

George W. Kelly filed the brief for appellant.

Shondalae Benson filed the brief *pro se.*

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

## LAGESEN, J.

Husband appeals from a dissolution judgment that awarded the marital home to husband but awarded an equalizing judgment for a quarter of the home's value to wife. He asserts that the trial court erred in concluding that wife had any interest in the house and, consequently, by entering the equalizing judgment in her favor. Reviewing for legal error,[1] we conclude that the trial court did not apply the correct legal framework in determining what portion of the home's value to award to wife, and remand to the trial court to apply the correct legal framework to assess what portion, if any, of the home's value should be awarded to wife.

The parties represented themselves below and the record is minimal. The parties were married on October 2, 2009. At the time, they were living in a rental house and husband was paying the rent. Sometime within the year after they were married, in either 2009 or 2010, they purchased a house where they lived together until wife moved out in April 2013. After wife moved out, husband continued to live in the home with his son from a previous relationship. The house was purchased outright with funds generated by the sale of a home in Montana that husband had owned before the marriage; husband had purchased the Montana home using an inheritance that he received. Each year, husband paid the property taxes on the home, and it appears from the property tax statements in the record that the property was held in husband's name alone.

At the dissolution hearing, husband contended that he should be awarded the entirety of the home, in light of the facts that it had been acquired entirely with assets he had held prior to the marriage and that he had paid the property taxes using separately held funds.

Wife did not dispute that the house had been acquired with funds from the sale of husband's Montana house or that

---

[1] "Unless it committed a legal error in the process, the court's ultimate determination as to what overall property division was just and proper in all the circumstances was committed to its discretion." *Herald and Steadman*, 355 Or 104, 107, 322 P3d 546 (2014).

husband had paid the property taxes with his own funds. Instead, wife requested that the trial court award her a quarter of the value of the house, "[b]ased on improvements that I have invested in the property and into the marriage." The trial court granted wife's request, explaining:

> "It is appropriate to award the requested amount of the one quarter of the value of the home to [wife]. In the course of a marriage, that property which is acquired during the course of the marriage is marital property and needs to be divided equitably. And given [wife's] request for a one-quarter division, I will allow it.

> "And that is $55,000."

On appeal, husband asserts that that analysis indicates that the trial court "misapplied applicable statutory and equitable considerations" in determining the portion of the value of the house to which wife is entitled, and that reversal is required for the court to reconsider the issue under the correct framework. *See Githens and Githens*, 227 Or App 73, 90, 204 P3d 835, *rev den*, 347 Or 42 (2009). Specifically, husband asserts that the trial court did not evaluate the proper disposition of the house under the framework that applies where, as here, a party seeks to rebut the statutory presumption that both parties contributed equally to the acquisition of an asset acquired during the course of a marriage. We agree.

ORS 107.105(1)(f),[2] as construed in *Kunze and Kunze*, 337 Or 122, 92 P3d 100 (2004), establishes the framework for division of marital property upon the dissolution of a marriage. *Lind and Lind*, 207 Or App 56, 60-61, 139 P3d

---

[2] ORS 107.105(1)(f) provides, in pertinent part, that a dissolution judgment may provide

"[f]or the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. In determining the division of property under this subparagraph, the following apply:

"* * * * *

"(B) The court shall consider the contribution of a party as a homemaker as a contribution to the acquisition of marital assets.

"(C) Except as provided in subparagraph (D) of this paragraph, there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

1022 (2006). ORS 107.105(1)(f)(C) creates a rebuttable presumption that both parties contributed equally to the acquisition of an asset—like the house at issue in this case—that was acquired during the parties' marriage. *Kunze*, 337 Or at 134. However, "[b]ecause the presumption of equal contribution * * * is rebuttable, either or both of the parties may seek to overcome it." *Id.* If either or both parties make that attempt, "the court first must determine the magnitude of each spouse's overall contribution to the acquisition of marital assets from evidence in the record." *Massee and Massee*, 328 Or 195, 205, 970 P2d 1203 (1999). If one party is a homemaker, the court must assess that party's contribution "to the enterprise of homemaking." *Id.*

After determining each spouse's contributions to the acquisition of a marital asset, the court then must determine whether the presumption of equal contribution has been rebutted, that is, whether the party seeking to overcome the presumption has proved "by a preponderance of the evidence that the other spouse's efforts during the marriage did not contribute equally to the acquisition of the disputed marital asset." *Kunze*, 337 Or at 134. If the court finds that the presumption is not rebutted, then, "absent other considerations," the disputed marital asset should be divided equally between the parties. *Id.* If the court finds that the presumption is rebutted, then it must distribute the property according to what is "just and proper" under the circumstances. *Id.* at 135-36. It makes that determination by considering a number of factors. *Id.* Although those factors may vary depending on the circumstances of the parties, they include

> "the preservation of assets; the achievement of economic self-sufficiency for both spouses; the particular needs of the parties and their children; and * * * the extent to which a party has integrated a separately acquired asset into the common financial affairs of the marital partnership through commingling."

*Id.* at 136.

Here, the parties presented the trial court with evidence tending to rebut the presumption of equal contribution with respect to the house. Husband testified that the

house was acquired solely using proceeds from premarital assets and argued that, as a result, wife should not be entitled to any of the value of the house. Wife did not dispute that the house was acquired using husband's premarital assets and, in fact, did not claim to have contributed equally to the acquisition of the house. Under those circumstances, the trial court's task was to determine each spouse's contribution to the acquisition of the house; to assess whether, in light of those contributions, the presumption of equal contribution had been rebutted; and, if so, to evaluate the just and proper distribution of the assets in the light of the factors identified above.

The trial court did not undertake that analysis here.[3] For that reason, we reverse and remand to the trial court to conduct that inquiry. We decline to employ *de novo* review to conduct that inquiry ourselves because further factual findings are required to adequately assess the appropriate disposition of the value of the home under the above framework. *See Massee*, 328 Or at 209 (remanding where trial court applied incorrect analysis in determining whether the husband had rebutted the statutory presumption of equal contribution). Assessing whether husband has rebutted the presumption of equal contribution will require the trial court to differentiate between that portion of the home's value at the time of dissolution that is traceable to husband's premarital assets, and that portion that is attributable to appreciation or improvements to the property made after the acquisition of the property. *See Kunze*, 337 Or at 144-45 (differentiating between equity in property attributable solely to one spouse's separate funds and equity that was attributable to post-acquisition improvements or appreciation); *Lind*, 207 Or App at 66 (*"Kunze* suggests that, when a disputed piece of real property is purchased during marriage with proceeds from one party's separately held asset, that party rebuts the presumption of equal contribution *as*

---

[3] We acknowledge that the parties, both of whom were self-represented below, did not present their arguments to the trial court as clearly as they have presented them to us. However, we conclude that husband's arguments below regarding the acquisition of the home were sufficient to preserve his contention on appeal that the trial court should have evaluated whether he had rebutted the presumption of equal contribution and, if so, what the just and proper distribution of the home's value was.

*to that portion of the property's value traceable to those proceeds."* (Emphasis added.)). That will require the court to make findings regarding what husband paid for the disputed property and the extent to which the value of the property increased during the parties' marriage as a result of appreciation or improvements that are properly attributable to either party. *See Timm and Timm,* 200 Or App 621, 629-30, 117 P3d 301 (2005) (remanding where trial court did not determine whether presumption of equal contribution had been rebutted with respect to marital portion of equity or what contributions each party made to that equity, and the record was inadequate to make those findings on *de novo* review).

Portion of general judgment of dissolution relating to property division reversed and remanded for reconsideration; otherwise affirmed.