Argued and submitted October 7, 2014, property division vacated and remanded for reconsideration; otherwise affirmed January 28, 2015

In the Matter of the Marriage of

Jennifer Lynn DAVIS,
*Petitioner-Respondent,*
*and*

David William DAVIS,
*Respondent-Appellant.*

Lincoln County Circuit Court
094383; A153338

342 P3d 1117

George W. Kelly argued the cause and filed the brief for appellant.

Guy B. Greco filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Husband appeals a general judgment of dissolution, challenging the trial court's division of the parties' property. He argues that the trial court erred in determining that he did not rebut the presumption of equal contribution regarding money that he had received from a personal injury settlement. *See* ORS 107.105(1)(f) (describing the presumption of equal contribution).[1] We conclude that the trial court's determination that husband failed to rebut the presumption of equal contribution was based on a misapplication of ORS 107.105(1)(f) and relevant case law. Accordingly, we vacate the property division and remand for reconsideration, and otherwise affirm.

We begin with an overview of the relevant statute and case law. ORS 107.105 provides, in part:

"(1)    Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"* * * * *

"(f)    For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. In determining the division of property under this paragraph, the following apply:

"* * * * *

"(B)    The court shall consider the contribution of a party as a homemaker as a contribution to the acquisition of marital assets.

"(C)    Except as provided in subparagraph (D) of this paragraph [pertaining to property acquired by gift to one party during the marriage], *there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held.*"

(Emphasis added.)

_____

[1] ORS 107.105 was amended in 2013, but those amendments do not affect our analysis in this case. Or Laws 2013, ch 72, § 2; Or Laws 2013, ch 126, § 1. For simplicity, throughout this opinion, we refer to the current version of the statute.

In *Kunze and Kunze*, 337 Or 122, 92 P3d 100 (2004), the Supreme Court described a three-step process for making a "just and proper" division of marital property under ORS 107.105(1)(f). First, the court must "determine when the parties acquired the property that is at issue," that is, whether the property at issue was acquired "before the marriage" or whether it is a "marital asset." *Kunze*, 337 Or at 133-34. A marital asset is "any real or personal property * * * acquired by either of the spouses * * * during the marriage." *Stice and Stice*, 308 Or 316, 325, 779 P2d 1020 (1989). As relevant to this case, a personal injury award is a form of property, and a personal injury settlement can be a marital asset. *Pugh and Pugh*, 138 Or App 63, 68-69, 906 P2d 829 (1995), *rev den*, 322 Or 644 (1996) (settlement annuity from personal injury action acquired during marriage was a marital asset).

Second, if the property at issue is a marital asset, the court must apply the presumption of equal contribution. *Kunze*, 337 Or at 134. The presumption of equal contribution is "a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held." ORS 107.105(1)(f). A party may rebut the presumption of equal contribution by "proving by a preponderance of the evidence that the other spouse's efforts during the marriage did not contribute equally to the acquisition of the disputed marital asset." *Kunze*, 337 Or at 134. When the presumption of equal contribution is not rebutted, "absent other considerations, the 'just and proper' division of the marital assets is an equal division between the parties." *Id.* In contrast, when a party rebuts the presumption of equal contribution, the court must decide how to distribute the marital asset without regard to any presumption and, instead, must consider only what is "just and proper in all the circumstances," including "the proven contributions of the parties to the asset." *Id.* at 135. When a party proves that a marital asset was acquired without any contribution from the other spouse, "absent other considerations, it is 'just and proper' to award that marital asset separately to the party who has overcome the statutory presumption [of equal contribution]." *Id.* Consistent with that, and of critical importance here, when the marital asset at issue is a personal injury award,

"if the injured spouse can show that the other spouse had no part in the action or settlement and claims no damages for loss of consortium, the personal injury award should be treated as separate property belonging to the injured spouse." *Fuernsteiner-Perin and Perin*, 211 Or App 23, 31, 153 P3d 151, *rev den*, 343 Or 33 (2007); *see also Peterman and Peterman*, 94 Or App 190, 192-93, 764 P2d 962, *rev den*, 307 Or 514 (1989) (the wife overcame the presumption that the husband contributed equally to the acquisition of a work-related personal injury award because he did not join the wife's action, make a separate claim, or file a separate action for loss of consortium).

Third, after the court has applied the presumption of equal contribution and made a preliminary determination of the appropriate division of the marital assets, "ORS 107.105(1)(f) next requires that the court consider what division of all the marital property—that is, both the marital assets and any other property that the parties had brought into the marriage—is 'just and proper in all the circumstances.'" *Kunze*, 337 Or at 135. In other words, regardless of whether the statutory presumption of equal contribution is rebutted, "ORS 107.105(1)(f) ultimately authorizes and requires courts to distribute any and all of the spouses' property, including separate property, 'as may be just and proper in all the circumstances.'" *Stice*, 308 Or at 326. Equitable considerations that should be taken into account include the preservation of assets, the achievement of economic self-sufficiency, the particular needs of the parties and their children, and the extent to which a party has integrated a separately acquired asset into the common financial affairs of the marital partnership through commingling. *Kunze*, 337 Or at 135-36. As the Supreme Court explained in *Kunze*, "[t]he trial court's ultimate determination as to what property division is 'just and proper in all the circumstances' is a matter of discretion," and that discretionary determination will not be disturbed unless "the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires." 337 Or at 136 (citing *Haguewood and Haguewood*, 292 Or 197, 199-204, 638 P2d 1135 (1981)).

With that understanding of the relevant statute and case law, we now turn to the facts of this case. We have

discretion to review equitable cases *de novo*, but we do so only in exceptional cases. ORS 19.415(3)(b); ORAP 5.40(8)(c).[2] We conclude that this is not an "exceptional case," and decline to review this case *de novo*. Accordingly, we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record, and we review the trial court's legal conclusions for errors of law. *Morton and Morton*, 252 Or App 525, 527, 287 P3d 1227 (2012); *Sconce and Sweet*, 249 Or App 152, 153, 274 P3d 303, *rev den*, 352 Or 341 (2012). We state the facts consistently with that standard.

Husband and wife were married for 10 years. They separated in July 2009, and wife filed a petition for dissolution in October 2009. They have two children, born in 2002 and 2003. During most of the marriage, husband worked as a commercial fisherman, which caused him to be away from home for months at a time. Husband was the sole financial provider and, according to the trial court, the parties' "standard of living established during the marriage was that of a comfortable, nicely-appointed home." Wife remained home to be the primary parent and homemaker, and did not work outside the home.

In May 2009—before the parties separated—husband was seriously injured at work and, as a result, is now permanently disabled. In March or April 2011, husband received a lump sum payment of $752,000 from a settlement that he had reached with the insurer of the owner of the boat on which he had been injured. By the time husband received that settlement, husband and wife had been separated for approximately 20 months. With the settlement funds, husband did the following: (1) paid off almost $31,000 in

---

[2] ORS 19.415(3)(b) provides:

"Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."

ORAP 5.40(8)(c) provides, in part:

"The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or more factual findings anew on the record only in exceptional cases."

marital debt; (2) invested approximately $500,000 in real estate, including an "old gas station," three houses, and a triplex; (3) invested $28,000 in motor vehicles; (4) provided an interest-free loan of $110,000 to a friend; and (5) lived off approximately $25,000 over a six-month period.

At the time of trial, husband had approximately $63,000 in cash in his bank accounts, in addition to the property described above. Wife had minimal assets, consisting of a 12-year-old car and personal property valued at less than $1,000.[3] Thus, at the time of the trial, "almost all of the assets the parties ha[d] were acquired with the settlement proceeds."

At trial, the parties appeared without representation and directly answered the questions of the trial court. In its subsequent letter opinion, the trial court addressed several issues, including child custody and parenting time, marital assets, personal property, marital debt, spousal support, and child support. Regarding the division of marital assets, the trial court explained:

"This is a long-term marriage, and *Husband has not rebutted the presumption of equal contribution. To have rebutted the [presumption] of equal contribution, Husband would have had to prove that it is more likely than not that Wife's role as a parent and as a homemaker were so deficient that the presumption does not apply.* Husband would have had an extremely hard job trying to do that, as his extended absences to Alaska to earn a living left Wife at home alone to do all of the parenting and homemaking for months at a time for a period of many years. While the Court accepts as accurate some of Husband's criticisms of Wife's performance as a parent and homemaker, those criticisms do not add up to a preponderance of the evidence.

"Thus, *like most long-term marriages, this is one in which the legislature directs the Court to divide marital assets 50-50% or somewhere close to that ratio, depending on the variables in any given case.*

---

[3] Before husband's injury, the parties had owned investment properties that were subsequently lost to foreclosure. Although husband and wife each testified that the other was responsible for the loss of those properties, the trial court concluded that, for purposes of dividing assets, "neither party may be found financially accountable for any equity lost in a monstrous international economic downturn."

"The settlement was received after the parties separated, but was paid on account of injuries Husband sustained well before the parties split. But for Husband's crippling injuries, Wife would be able to seek cash spousal support from Husband's commercial fishing income. Being awarded tangible items purchased with the settlement is as rotten a substitute for Wife as it is for Husband. But those are the cards which the parties have been left to play. Apart from Husband's potential for disability income and Wife's imputed minimum income, the sole source of income for these parties is the remaining cash and the assets Husband bought with the settlement cash. Wife will be far ahead to own some of the assets and manage them herself rather than relying on Husband's future cash flow to provide reliable income to her."

(Emphases added.) The trial court then divided the real property that husband had purchased with the settlement funds, awarding 58 percent to husband and 42 percent to wife. The trial court noted that "the 58%-42% ratio applies only to assets, and does not include marital debt," and that the division of the marital debt "makes the percentages more equal." A general judgment of dissolution and money award accompanied the trial court's letter opinion.

Husband now appeals, arguing that the trial court erred when it determined that he had failed to rebut the presumption of equal contribution regarding the money that he had received from his personal injury settlement, because the settlement was for a personal injury and wife had no part in procuring the settlement and made no claim for loss of consortium.[4] *See Fuernsteiner-Perin*, 211 Or App at 31

---

[4] Wife argues that husband failed to preserve his claim of error for our review, stating that, "[b]ecause the parties were unrepresented at trial, neither party directed the trial court to perform the correct property division analysis and husband did not ask the trial court to find that the presumption of equal contribution had been rebutted by the evidence." However, the testimony of both parties suggested that husband considered the settlement and the property purchased with the settlement funds to be his own separate property, and the trial court, in its letter opinion, specifically addressed whether husband had rebutted the presumption of equal contribution. Thus, we conclude that the issue was sufficiently preserved for our review. *See Fay and Fay*, 251 Or App 430, 436-37, 283 P3d 945 (2012) (issue regarding the trial court's failure to divide a home equity line of credit (HELOC) between the parties was preserved, because the husband's claims at trial that the HELOC was an encumbrance on two properties, in context, "sufficiently notified the trial court of [the] husband's position that the HELOC should be considered in balancing the property awards").

("[I]f the injured spouse can show that the other spouse had no part in the action or settlement and claims no damages for loss of consortium, the personal injury award should be treated as separate property belonging to the injured spouse."). Husband argues that, because he rebutted the presumption of equal contribution, he was presumptively entitled to receive the property separate from the property division, "unless other considerations require[d] a different result." *Kunze*, 337 Or at 145. Thus, husband argues, the trial court erred when it concluded that the law required an approximately even division of the settlement funds.

We agree with husband that the trial court applied the incorrect analysis in determining that husband did not rebut the presumption of equal contribution. In its letter opinion, the trial court stated that, "[t]o have rebutted the [presumption] of equal contribution, Husband would have had to prove that it is more likely than not that Wife's role as a parent and as a homemaker were so deficient that the presumption does not apply." The trial court determined that, because husband's criticisms of wife's performance as a parent and homemaker did "not add up to a preponderance of the evidence," husband failed to rebut the presumption of equal contribution. However, as explained above, when the property at issue is a personal injury settlement, the presumption of equal contribution can be rebutted "if the injured spouse can show that the other spouse had no part in the action or settlement and claim[ed] no damages for loss of consortium." *Fuernsteiner-Perin*, 211 Or App at 31.

In this case, nothing in the record suggests that, when determining whether husband rebutted the presumption of equal contribution, the trial court considered whether wife had any part in the action or settlement or claimed damages for loss of consortium. Thus, the trial court erred when it concluded that husband had failed to rebut the presumption of equal contribution, without first considering whether wife had any part in the action or settlement or claimed any damages for loss of consortium. Because the trial court's subsequent determination of what was just and proper in all the circumstances was based on that erroneous application of the law, we cannot uphold the resulting property distribution. Having concluded that the trial court erred, we

remand for the trial court to reconsider, in light of a correct understanding of the law, whether husband rebutted the presumption of equal contribution and, again, what division of marital assets and debts[5] is "just and proper in all the circumstances." ORS 107.105(1)(f); *see also Stice*, 308 Or at 326 (regardless of whether the presumption of equal contribution is rebutted, "ORS 107.105(1)(f) ultimately authorizes and requires courts to distribute any and all of the spouses' property, including separate property, 'as may be just and proper in all the circumstances.'").

Property division vacated and remanded for reconsideration; otherwise affirmed.

---

[5] Although husband does not specifically challenge the trial court's distribution of the marital debts, "[a]s part of determining a just and proper division of the parties' property, a court may divide the debts that the parties incurred during their marriage." *Christensen and Christensen*, 253 Or App 634, 639, 292 P3d 568 (2012) (internal quotation marks and citation omitted).