736　　　　　　　　　May 30, 2024　　　　　　　　No. 346

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Susan M. MAJHOR,
*Petitioner-Respondent,*
*and*

Raymond N. MAJHOR,
*Respondent-Appellant.*

Washington County Circuit Court
20DR15438; A180035

Rebecca D. Guptill, Judge.

Argued and submitted April 30, 2024.

Andrew W. Newsom argued the cause and filed the briefs for appellant.

Craig M. Cowley argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Husband appeals from a general judgment of dissolution of the parties' 34-year marriage, raising two assignments of error with respect to the trial court's division of marital property. Husband challenges the trial court's division of his retirement account with the Public Employees Retirement System (PERS): specifically, the marital appreciation of the premarital portion of husband's PERS account, which we refer to in this opinion as the "marital appreciation of the premarital contribution."

In his first assignment of error, husband contends that the trial court erred when it concluded that husband failed to rebut the presumption of equal contribution to the marital appreciation of the premarital contribution. We determine that husband did not preserve that argument. In his second assignment of error, husband contends that the trial court abused its discretion in awarding wife half of the value of the marital appreciation of the premarital contribution. We determine that the trial court properly applied the statutory and equitable considerations for a property division, and that the resulting division was just and proper and within the trial court's discretion. Thus, we affirm the trial court's judgment.

*Background*

Husband started work for the City of Portland in 1980 and, in that same year, began making contributions to his PERS account. The parties married in 1986. Husband continued to work at the same job, contributing to the PERS account until he retired in 2011. On his retirement, husband began collecting PERS benefit checks, and deposited those checks into the parties' joint account, from which wife paid the parties' bills. On the parties' separation in 2020, husband began depositing his PERS checks into his own, separate account.

Husband's PERS benefit is a "money-match benefit," and contributions to that account appreciated in value while husband was working. At the dissolution of marriage trial, the parties each presented their own actuarial expert to value husband's PERS benefit for the purposes of

the property division. The parties' experts agreed as to the total value of the account. They also agreed that husband's contributions to the PERS account prior to marriage should not be treated as a marital asset, and that husband's contributions after marriage and the appreciation of those marital contributions should be treated as a marital asset. They disagreed, however, as to whether to include, as a marital asset, the marital appreciation of the premarital portion of the account: Husband's expert testified that it was proper to exclude the marital appreciation of the premarital contribution from the calculation of marital assets, and wife's expert testified that it was proper to include it.[1]

Further, although husband's expert explained during his testimony that his valuation method was consistent with how Oregon case law deals "with savings accounts and how to determine the marital interest and whether it's—the presumption of equal contribution is rebuttable, et cetera," husband at no time mentioned the presumption of equal contribution with regard to the marital appreciation of the premarital contribution, nor did husband argue to the trial court that that presumption had been rebutted. Additionally, during the trial, the parties' emphasis was on what division of marital property would be "just and proper." The trial court ruled from the bench that it was "just and appropriate, given the long term duration of this marriage[,]" to divide the PERS benefit according to wife's expert's testimony: including the marital appreciation of the premarital contribution as a marital asset, and dividing 96.31% of the PERS benefit equally between the parties. Neither the trial court's ruling from the bench nor the resulting draft judgment included a statement as to the presumption of equal contribution or whether it had been rebutted.

Several months after the trial took place, the trial court held a hearing on the form of the judgment, at which husband argued that he had rebutted the presumption of equal contribution with respect to the marital appreciation of the premarital contribution, because "by the nature of

---

[1] By husband's expert's calculations using the "passive income exclusion" method, the marital asset portion of the PERS benefit was 56.68%. By wife's expert's calculations using the "passive income inclusion" method, the marital asset portion of the PERS benefit was 96.31%.

PERS benefits * * * it's uncontested that Wife did not contribute to the passive growth of the PERS on that amount because she wasn't doing anything to contribute to that; and neither was Husband, frankly." Wife responded that the trial court need not address husband's argument regarding the presumption of equal contribution, because husband had not asked for findings at trial. Even so, at wife's suggestion, the trial court included a statement in the judgment that "[h]usband has failed to rebut the presumption of equal contribution in regard to the PERS division."

Husband now appeals, arguing that the trial court erred in ruling that husband failed to rebut the presumption of equal contribution with respect to the marital appreciation of the premarital contribution, and in awarding wife half of its value.

## *Standard of Review*

ORS 107.105(1)(f) directs a trial court's division of property in a dissolution of marriage proceeding.[2] We review a trial court's property division for an abuse of discretion, and we will not disturb that division "unless we conclude that the trial court misapplied the statutory and equitable considerations required under ORS 107.105(1)(f)."[3] *Hixson and Hixson*, 235 Or App 217, 227-28, 230 P3d 946, *adh'd to as clarified on recons*, 235 Or App 570, 232 P3d 996

---

[2] ORS 107.105 provides, in pertinent part:

"(1) Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"* * * * *

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. In determining the division of property under this paragraph, the following apply:

"* * * * *

"(C) Except as provided in subparagraph (D) of this paragraph, there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

[3] Those statutory and equitable considerations "look at specific social and financial objectives—preservation of assets, economic self-sufficiency of the parties, and meeting the particular needs of the parties and their children—and whether the equities favor distributing a portion of separately held property to the other spouse due to how the parties treated that property in their joint finances." *Brush and Brush*, 319 Or App 1, 12, 509 P3d 124 (2022).

(2010) (citing *Kunze and Kunze*, 337 Or 122, 136, 92 P3d 100 (2004)). In other words, "we will not disturb a trial court's determination of what property division is just and proper" as long as the trial court's award is "within the range of legally permissible outcomes." *Van Winkel and Van Winkel*, 289 Or App 805, 810, 412 P3d 243, *rev den*, 363 Or 224, 434 P3d 24 (2018) (internal quotations marks omitted).

## *Discussion*

*Husband's First Assignment of Error.* As noted, husband argues that the trial court erred when it concluded that husband failed to rebut the presumption of equal contribution to the marital appreciation of the premarital contribution. As husband frames it, the question before us is whether there is any evidence in the record to support the trial court's determination that husband failed to rebut the presumption of equal contribution.

Husband claims—and wife does not dispute—that he preserved his argument that he had rebutted the presumption of equal contribution with respect to the marital appreciation of the premarital contribution. However, "we have an independent obligation to assess preservation, regardless of what position the parties take." *State v. Cassidy*, 331 Or App 69, 73 n 2, 545 P3d 203 (2024) (internal quotation marks omitted). We have examined the record and conclude that husband did not adequately preserve that argument for our review on appeal. Preservation of a claim of error is required to "ensure that trial courts have an opportunity to understand and correct their own possible errors and that the parties are not taken by surprise, misled, or denied opportunities to meet an argument." *State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013) (internal quotation marks omitted). Whether those policies have been sufficiently served is the key consideration when determining if an argument has been preserved. *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009).

Previously, we have considered the question of whether testimony about the way an asset was acquired is sufficient to preserve an argument to rebut the presumption of equal contribution. In answering that question, we have

determined that, when both parties' testimony suggests that a party considers an asset to be separate property, and the trial court specifically addressed whether that party had rebutted the presumption of equal contribution, that argument had been sufficiently preserved. *Davis and Davis*, 268 Or App 679, 685 n 4, 342 P3d 1117 (2015); *see also Benson and Benson*, 263 Or App 554, 558 n 3, 328 P3d 819 (2014) (party's *arguments* regarding acquisition of a house "were sufficient to preserve his contention on appeal that the trial court should have evaluated whether he had rebutted the presumption of equal contribution").

Here, husband argues that he raised an argument to rebut the presumption of equal contribution to the marital appreciation of the premarital contribution at three points during the proceedings before the trial court. First, husband points to his trial memorandum. In that memorandum, husband recited the legal rule for rebutting the presumption of equal contribution. But husband did not connect that legal rule to the disputed asset. Nor did he specifically argue that the presumption had been rebutted with respect to the marital appreciation of the premarital contribution. Instead, husband's only argument with respect to the premarital portion of the PERS account was to request that "husband shall be awarded the pre-marital share of his PERS at no attribution of value." That statement does not separately address the marital appreciation of the premarital contribution portion of the account. From that argument, neither wife nor the trial court would have understood that husband intended to rebut the presumption of equal contribution with respect to the marital appreciation of the premarital contribution.

Second, husband claims that he argued to rebut the presumption of equal contribution "[i]n his trial position." The "trial position" to which husband refers is his expert's valuation of his PERS account. The valuation of the PERS account was the subject of testimony by both parties' experts, with each expert treating the marital appreciation attributable to the premarital portion differently but agreeing in how other aspects of PERS account should be divided. At no point during the trial, however, did husband make a reference to rebuttal of the presumption of equal contribution or make

an argument that the evidence required a finding that the presumption of equal contribution was rebutted with respect to the marital appreciation of the premarital contribution.

Third, husband claims that he raised the argument that he had rebutted the presumption of equal contribution at the hearing on the form of the judgment. That hearing was held three months after the trial court's ruling from the bench at the end of the trial. Although husband did raise the argument at the hearing on the form of the judgment, that was the first time that husband did so, and the first time that husband specifically asked the court to find that the presumption had been rebutted. Wife's response to husband's argument in the trial court—that the judgment reflected the trial court's ruling from the bench and that the trial court need not rule on that issue because husband had not asked for specific findings—makes clear that wife's counsel did not agree that husband had put rebuttal of the presumption at issue.

In sum, neither the trial court nor wife's counsel could have known that husband had intended to assert that the evidence had rebutted the presumption before husband made the argument for the first time at the hearing three months after trial. Had husband directed the court's attention to that issue, even in the context of "passive" appreciation, the court would have been required to make findings and determine the extent of wife's contributions, economic and noneconomic, including her contributions as a homemaker. ORS 107.105(1)(f)(B) (court shall consider contribution of spouse as homemaker); *Craven and Craven*, 326 Or App 709, 717-18, 533 P3d 818 (2023). But because husband did not assert the issue at trial, the court had no occasion to consider it. Viewed in that light, and in the context of this case, the sentence that the trial court added to the judgment— "[h]usband failed to rebut the presumption of equal contribution"—is properly interpreted to mean that "husband *did not attempt* to rebut the presumption," rather than that "husband *tried and was unsuccessful* in rebutting the presumption." We conclude that, under those circumstances, it would be inconsistent with the policies underlying the preservation rule to conclude that husband preserved his argument

to rebut the presumption of equal contribution with respect to the marital appreciation of the premarital contribution. Accordingly, we decline to address that argument.[4]

    *Husband's Second Assignment of Error.* In his second assignment of error, husband contends that the trial court abused its discretion in its division of the marital property by awarding half of the marital appreciation of the premarital contribution to wife. Husband argues that, in dividing that property equally, the trial court relied solely on an impermissible ground, namely the length of the parties' marriage. We have determined that, on its own, the length of a marriage "is not an equitable consideration *** on which to award separate property to the other spouse in the 'just and proper' property division." *Brush and Brush*, 319 Or App 1, 11, 509 P3d 124 (2022).

> "Rather, the factors identified *** are ones that look at specific social and financial objectives—preservation of assets, economic self-sufficiency of the parties, and meeting the particular needs of the parties and their children— and whether the equities favor distributing a portion of separately held property to the other spouse due to how the parties treated that property in their joint finances. Those social and financial considerations are informed by

---

[4] In reaching that conclusion, we note that this case is not on all fours with *Davis* and *Benson*, where we determined that a party's arguments regarding the presumption of equal contribution were preserved.

In *Davis*, the trial court specifically addressed the issue of whether the husband had rebutted the presumption of equal contribution in its ruling, evincing that the trial court understood that the issue of whether the presumption had been rebutted was in play. 268 Or App at 684, 685 n 4. In contrast, the record here does not reflect such an understanding by the trial court at the time of its ruling; it indicates the contrary.

In *Benson*, the husband argued that he should be awarded the entirety of an asset—a house—because it had been purchased "entirely with assets he had held prior to the marriage and that he had paid the property taxes using separately held funds," and we concluded that his "arguments below regarding the acquisition of the home were sufficient to preserve his contention on appeal that the trial court should have evaluated whether he had rebutted the presumption of equal contribution." 263 Or App at 555, 558 n 3. In contrast, in this case, husband at no time in the trial court argued that the marital appreciation of the premarital contribution should be treated differently from the appreciation in the PERS account attributable to marital contributions; thus, unlike the husband's arguments in *Benson*, the arguments by husband in this case were insufficient to preserve his contention on appeal, because they would not have alerted the trial court to the issue he now raises on appeal.

the length of the marriage, but the length of the marriage alone is not a sufficient consideration."

*Id*. at 12; *see also Van Winkel*, 289 Or App at 814.

Here, the record indicates that the trial court relied not only on the length of marriage, but also on considerations informed by the length of the marriage. Specifically, the trial court considered wife's contributions to homemaking and child-rearing, as well as her administration of the parties' joint finances "such as managing the private lending and paying their monthly bills." Although the trial court did not explicitly discuss it, another key fact related to the length of the parties' marriage was that wife's contributions in the administration of the household continued after husband retired and began to receive PERS benefit checks. Husband confirmed that he deposited those checks in a joint checking account that was used to pay the parties' expenses. And husband does not dispute that wife was responsible for using the commingled funds in that checking account to meet the parties' joint financial obligations. *See Kunze*, 337 Or at 139 ("[E]ven if acts of commingling do not preclude the court from identifying the source of a disputed asset with sufficient reliability, the integration of a separately acquired asset into the parties' joint financial affairs through commingling may require the inclusion of that asset in the property division for a different reason. Specifically, *** acts of commingling may operate to convert a separately acquired asset into a joint asset of the marital partnership.").

Given that record, the trial court's determination that it was just and proper to award wife one half of the marital appreciation of the premarital portion of husband's PERS benefit is not a misapplication of the statutory and equitable considerations required by ORS 107.105(1)(f). To the contrary, and especially given that the court was applying the presumption of equal contribution, the trial court's division of the marital appreciation of the premarital contribution was supported by evidence in the record and was within the trial court's discretion. Thus, we affirm the trial court's general judgment with respect to the division of marital property.

Affirmed.