Argued and submitted February 10, 2020; judgment modified to remove equalizing judgment in favor of husband, otherwise affirmed April 13, 2022

In the Matter of the Marriage of

Theresa Marie BRUSH,
*Petitioner-Appellant,*
*and*

Patrick Jay BRUSH,
*Respondent-Respondent,*
*and*

Melissa Ann BRUSH,
*Adult Child.*

Clackamas County Circuit Court
DR09100365; A169333

509 P3d 124

In this domestic relations case, wife appeals from a general judgment of dissolution, arguing that the trial court erred in awarding to husband $125,000 of wife's inheritance as an equalizing payment. This case is before us again following our remand of the original property division on grounds that the trial court had not applied to the presumption of equal contribution the statutory exception for gifted property. On remand, the trial court made the same property division of wife's inheritance that it had made in the original dissolution judgment. Wife appeals that ruling. *Held*: The trial court abused its discretion by misapplying the statutory and equitable factors in its division of the property. Under a proper application of those factors, the law required awarding to wife her entire separate inheritance.

Judgment modified to remove equalizing judgment in favor of husband; otherwise affirmed.

Katherine E. Weber, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Kevin L. Kelly argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Judgment modified to remove equalizing judgment in favor of husband; otherwise affirmed.

**ORTEGA, P. J.**

In this domestic relations case, wife appeals from a general judgment of dissolution, arguing that the trial court erred in awarding to husband $125,000 of wife's inheritance as an equalizing payment. This case is before us again following our remand of the original property division on grounds that the trial court had not applied to the presumption of equal contribution the statutory exception for gifted property in ORS 107.105(1)(f)(D). *Brush and Brush*, 279 Or App 25, 377 P3d 620 (2016). On remand, the trial court made the same property division of wife's inheritance that it had made in the original dissolution judgment. We now conclude that the trial court abused its discretion by misapplying the statutory and equitable factors in its division of the property. We further conclude that, under a proper application of those factors, the law requires awarding to wife her entire separate inheritance. Accordingly, we modify the judgment to remove the equalizing judgment to husband and otherwise affirm.

We decline wife's request that we take *de novo* review, because this is not an exceptional case warranting such review. ORAP 5.40(8)(c) - (d). Because we decline to review the facts *de novo*, we "review the trial court's determination of a 'just and proper' property division for an abuse of discretion. In doing so, we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Morgan and Morgan*, 269 Or App 156, 161, 344 P3d 81, *rev den*, 357 Or 595 (2015).

We begin with the background facts, which we summarized in our prior decision:

"The parties married in 1982, had six children during the marriage, and separated in September 2009. At the time of the dissolution trial, wife was 47 years old and husband was 50 years old. In 2007, wife inherited from her father assets that were worth about $450,000 at the time of the dissolution trial. As relevant to this appeal, her father's will devised 'the residue of my estate in equal shares to my two daughters.' Accordingly, the will did not mention husband. Wife kept the inheritance property separate from the marital estate, in part to protect it from husband's creditors. At the time of trial, wife was earning $2,284 per month

and husband was earning between $5,000 and $6,000 per month. During the course of the marriage, however, husband had engaged in a number of failed business ventures."

*Brush*, 279 Or App at 27-28.

As relevant in this appeal, we also provide the following facts from the record. Husband filed for bankruptcy in January 2009, which was dismissed in 2011 when he did not meet his repayment plan. Husband and wife separated in September 2009, and wife moved out of the family home. Since that time, the parties have not provided any financial assistance to each other. Wife petitioned for dissolution in October 2009, and the dissolution trial took place on four days between January and December 2011. Husband stopped paying the mortgage on the family home sometime in 2009, which was in his name only, and wife made no financial contributions. Ultimately the home was lost to foreclosure in 2011, during the pendency of the dissolution. The home was in fair to poor condition when it was appraised in the fall of 2010—including not having a working well—and, as such, would not have qualified for a loan. The parties' respective appraisals of the home were $230,000 and $255,000, which resulted in a negative equity of between $36,000 and $61,000 from two mortgages and a tax lien for unpaid real property taxes. After foreclosure of the home in 2011, husband still had an outstanding loan related to the house of $74,652. Wife did not use any money from her inheritance to assist husband in his bankruptcy or to prevent foreclosure on the home.

The parties had limited assets, apart from wife's inheritance, but husband had significant debts, primarily from his failed business ventures and the outstanding debt from the family home. The court determined that the debts were marital debts and divided them equally, making each party responsible for one half of the total listed debts of over $160,000 in the judgment. In its ruling, the court found that wife had kept her inheritance separate—specifically taking steps, such as keeping the accounts and tax returns separate, to protect it from the foreclosure, husband's bankruptcy, and any additional business ventures of husband—and that wife's father's donative intent was that his inheritance would be

shared by his two daughters. However, the court found that wife had not rebutted the presumption of equal contribution, because "it [was] not clear that the [daughters'] husbands would be precluded from the benefits" of the inheritance. The court further determined that it would not impose spousal support and instead would "order that the lion's share of the retirement[1] remain with [w]ife so that she can continue to have the ability to make income to support herself, given that [h]usband does definitely have a higher ability to earn income." The court also ordered wife to pay an equalizing judgment of $125,000 from the inheritance to husband.

In the first appeal, wife asserted that the trial court incorrectly awarded husband part of her inheritance, because the trial court improperly applied a presumption of equal contribution to her inheritance, which she held separately. *Brush*, 279 Or App at 28. We agreed with that contention, concluding that the trial court should have applied the version of ORS 107.105(1)(f) that became effective January 1, 2012, which removed separately held property acquired by inheritance from the presumption of equal contribution. *Id.* at 33-34. We vacated and remanded the property division for the trial court to reconsider it in light of the amended version of ORS 107.105(1)(f) and "to adjust the property division appropriately." *Id.* at 34.

On remand, the parties did not present any new evidence, but made arguments to the court about the property division. Both parties explicitly asked the court to reconsider only the equalizing judgment and to not disturb anything else in the prior property division. The court also specifically clarified with the parties that they did not want the court to go back through the property division and assign any missing values to determine if the division was approximately 50/50.

After taking the matter under advisement, the court issued a letter opinion that reinstated the prior property division with the equalizing judgment. The court stated:

---

[1] It is unclear from the court's opinion to what "retirement" the court was referring. However, during argument, wife's counsel repeatedly referred to wife's inheritance as her retirement, because she had no other source of retirement income and the bulk of that inheritance was in the form of retirement accounts.

"The evidence was clear that Wife acquired her inheritance and held it separately continuously from the time it was received. Wife's inheritance is not subject to the presumption of equal contribution—the legal presumption is that Wife will keep the entire inheritance. The resulting question is whether it is just and proper in the property distribution for the court to award the asset in its entirety to Wife as her separate property, or whether other considerations require a different result.

"The parties were fraught with financial struggles throughout their marriage, and Husband's poor financial decisions consistently brought debt upon the family. Husband believed that the inheritance would be an asset for the parties' retirement—a benefit that they would both be able to enjoy.

"Upon receipt of the inheritance, Wife refused to use any portion for the benefit of the family. The family's financial situation continued to worsen, resulting in Husband filing for bankruptcy and foreclosure proceedings on the family home. This was in part due to Husband's history of financial mistakes, and in part due to Wife's decision not to use any portion of her inheritance to 'bail out' this large asset. The home was eventually lost through foreclosure through the combined action of Husband and inaction of Wife.

"It is just and proper for both of the parties to share in the ups and downs of their finances throughout their marriage. Wife's choice to hold her inheritance completely separate had direct negative ramifications on the marital estate, and caused substantial harm to the family's finances. For Wife to leave the marriage with the entirety of her retirement as her separate asset would result in an unfair and disparate property distribution and would not be just and proper.

"The court's previous property division will remain."

The court entered a general judgment of dissolution that included the findings from the letter opinion and awarded husband an equalizing judgment of $125,000.[2]

---

[2] The general judgment after remand, as did the original judgment, awarded to husband either a $100,000 money judgment or $125,000 from the retirement accounts that wife received as a part of her inheritance, with the additional $25,000 to cover taxes for the lump sum payment.

On appeal, wife argues that the trial court erred in its application of the "just and proper" considerations, as set out in *Kunze and Kunze*, 337 Or 122, 135, 92 P3d 100 (2004). She argues that the court, instead of applying the correct equitable considerations, imposed the equalizing judgment because wife chose to keep separate from the marital estate her separately acquired inheritance. The circular logic employed by the trial court, wife asserts, was an abuse of discretion as was its decision to not change its prior decision, although the presumptions about how the court was required to treat wife's inheritance had been reversed.

Husband argues that we cannot disturb the trial court's discretionary division because the court adhered to the correct methodology under *Kunze* and reached a decision within the range of legally permissible outcomes. Husband further argues that various equitable considerations support the court's order, including the relative financial position of the parties in the divorce after taking into account the marital debts, that wife refused to use any of her inheritance to preserve the marital home as a marital asset, the achievement of self-sufficiency for each spouse, and the length of the marriage.

Under ORS 107.105(1)(f), the trial court's property division in the dissolution judgment must be "just and proper in all the circumstances." A trial court's "just and proper" division of marital property requires consideration of both the statutory factors in ORS 107.105(1)(f) and equitable factors. *Kunze*, 337 Or at 132. We review the trial court's "just and proper" property division for an abuse of discretion. *Morgan*, 269 Or App at 161. "Generally, there is a range of reasonableness for a division of property, and this court will not modify a trial court's award falling within that range." *Sauter and Sauter*, 293 Or App 748, 752, 429 P3d 1034 (2018) (*citing Brown and Brown*, 259 Or App 618, 627, 315 P3d 422 (2013), *rev den*, 355 Or 142 (2014)). However, "[r]elying on a mistaken legal premise when exercising discretion is error, regardless of whether the trial court would have had discretion to reach the same result based on a correct understanding of the law." *Anderson v. Sullivan*, 311 Or App 406, 413, 492 P3d 118, *rev den*, 368 Or 702 (2021); *see also State v. Romero (A138124)*, 236 Or App 640, 643-44,

237 P3d 894 (2010) (when an exercise of discretion by a trial court proceeds from a mistaken legal premise, its decision does not fall within the range of legally correct choices and does not produce a permissible, legally correct outcome, and thus, it is an abuse of discretion).

Here, the statutory factor that the court was required to apply to wife's inheritance is the one that we identified in *Brush*. That is, the court was required to not apply the presumption of equal contribution that otherwise applies to property acquired during the marriage. ORS 107.105(1)(f)(C), (D).[3] In its ruling, the court correctly stated that factor and found that wife had kept her inheritance separate from the marital estate, and thus, "the legal presumption is that Wife will keep the entire inheritance." *See Kunze*, 337 Or at 135 (when a marital asset "was acquired free of any contributions from the other spouse * * *, absent other considerations, it is 'just and proper' to award that marital asset separately to the party who has overcome the statutory presumption [of equal contribution]"). Thus, the issue in this case is whether the court correctly applied equitable considerations when it required wife to pay husband an equalizing judgment from her inheritance as part of the court's "just and proper" division of property.

---

[3] ORS 107.105(1)(f) provides, in part:

"Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"* * * * *

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. In determining the division of property under this paragraph, the following apply:

"* * * * *

"(C) Except as provided in subparagraph (D) of this paragraph, there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held.

"(D)(i) Property acquired by gift to one party during the marriage and separately held by that party on a continuing basis from the time of receipt is not subject to a presumption of equal contribution under subparagraph (C) of this paragraph.

"(ii) For purposes of this subparagraph, 'property acquired by gift' means property acquired by one party through gift, devise, bequest, operation of law, beneficiary designation or inheritance."

Because the parties' arguments primarily center on what *Kunze* requires in applying equitable considerations, we begin there. In *Kunze*, the court stated that, "to promote consistency and predictability in dissolution decrees, this court has examined the objectives underlying ORS 107.105(1)(f) and has identified equitable considerations that, along with the statutory factors, guide the court in achieving its task under that statute." 337 Or at 132 (citing *Haguewood and Haguewood*, 292 Or 197, 201-04, 638 P2d 1135 (1981)). The inquiry into the "just and proper" division "concerns the equity of the property division in view of all the circumstances of the parties," and "takes into account the social and financial objectives of the dissolution, as well as any other considerations that bear upon the question of what division of the marital property is equitable." *Id.* at 135. The court identified equitable considerations "to include the preservation of assets; the achievement of economic self-sufficiency for both spouses; the particular needs of the parties and their children; and *** the extent to which a party has integrated a separately acquired asset into the common financial affairs of the marital partnership though commingling." *Id.* at 136.

Here, the court's identified reasoning for the equalizing judgment out of wife's inheritance was that wife refused to use that inheritance for the benefit of the marital estate, instead keeping it separate and protecting it from husband's creditors. In particular, the court pointed out that wife refused to save the family home from foreclosure during the pendency of the dissolution proceedings. The home, however, was in poor condition and had significant negative equity; contrary to the court's characterization, it was not a large asset to the marital estate. We also disagree that equity favored awarding husband part of wife's separate inheritance because wife refused to "bail out" the house from foreclosure during the dissolution proceedings. The foreclosure removed significant debt from the marital estate, and the debt that remained from the house was divided equally between husband and wife.

More importantly, the court's reasoning is not a proper application of statutory and equitable factors, as required by *Kunze*. The court's reasoning placed wife in a

Catch-22 with regard to her separate inheritance. The court stated that, because wife refused to use that separate property to "bail out" the marital estate, it is just and proper to require her to pay an equalizing judgment to husband from that separate property. However, if wife had used her separate inheritance to "bail out" the marital estate—that is, if she did not continuously hold that property separate—she might not have been entitled to the exception in ORS 107.105(1)(f)(D) to the presumption of equal contribution, and, at the least, would have commingled her inheritance with the marital estate to create an equitable basis on which to distribute some portion of that inheritance to husband.[4] *See, e.g.*, *Kunze*, 337 Or at 140 (commingling occurs when parties' shared financial decisions are made in reliance on the separate asset without consideration of whether it was separately acquired); *Finear and Finear*, 240 Or App 755, 765-67, 247 P3d 1238 (2011), *rev dismissed*, 351 Or 580 (2012) (commingling occurred, and weighed in favor of allocating some of the husband's inheritance to wife, where the husband used separate inheritance and trust funds as his financial contribution to the marital partnership, despite his expressed intent through actions and words to maintain it as his separate property). In short, the court applied, under the guise of equitable considerations, a presumption that wife's inheritance was subject to division with husband, which is contrary to the statutory directive in ORS 107.105(1)(f)(D) that the court was required to apply on remand.

In so concluding, we reject husband's argument that the trial court was applying the *Kunze* factor of preservation of assets when it discussed the family home. Preservation of assets refers to an effort to keep an asset whole when

---

[4] We note that we reject any argument by husband that wife had commingled her inheritance with the joint marital finances because it is contrary to the trial court's findings. The trial court found that wife had kept her inheritance separate from the marital estate since she acquired it, taking several steps to protect it from husband's debts. The trial court also found that wife had refused to use the inheritance to improve the financial position of the family or for the benefit of the marital estate. *See Kunze*, 337 Or at 142 ("[I]n deciding whether the court should include a separately acquired asset in the property division because of commingling, the court's inquiry properly focuses upon whether a spouse demonstrated an intent to retain that spouse's separately acquired asset as separate property or whether, instead, that spouse intended for that property to become the joint property of the marital estate.").

making a "just and proper" division, if dividing the asset would dissipate its value. That consideration is necessarily one that applies to the asset that is being divided, which here would be wife's inheritance, not some other asset that has already been lost. *See Finear*, 240 Or App at 767 (awarding real property to the spouse that can preserve it); *see also Boyd and Boyd*, 226 Or App 292, 300, 203 P3d 312 (2009) ("[W]here the bulk of the estate is composed of few principal assets, we strive to keep the assets whole if dividing them 'would unnecessarily dissipate [their] value.'" (Quoting *Haguewood*, 292 Or at 208.)). To the extent the court believed it was applying that factor, it abused its discretion because its action was a misapplication of the factor.

We also reject husband's argument that the court was applying the *Kunze* factor of economic self-sufficiency. The court did not identify that factor or explain how that factor weighed into its decision to award a portion of wife's inheritance to husband. Rather, in the original ruling, before the first appeal, the court determined that the factor of economic self-sufficiency required that the wife keep the "lion's share" of her inheritance "so that she can continue to have the ability to make income to support herself, given that [h]usband does definitely have a higher ability to earn income." Under the court's findings, the equitable consideration of economic self-sufficiency is not a factor that could support the court's decision to award husband a portion of wife's inheritance.

The remaining consideration identified by the court was the length of the marriage and that, as a result, husband and wife should share equally in all financial ups and downs. Length of the marriage alone, however, is not an equitable consideration identified by *Kunze* as a basis on which to award separate property to the other spouse in the "just and proper" property division. Although *Kunze* contemplates that a court may apply considerations other than the ones explicitly listed in that case, *Kunze* does state that those considerations must, nonetheless, be directed at meeting the objectives of ORS 107.105(1)(f) to promote consistency and predictability in dissolution decrees. 337 Or at 132. In the circumstances of a separate inheritance that qualifies for the exception in ORS 107.105(1)(f)(D), it would, again,

render that provision meaningless if courts proceed on the opposite presumption—that a qualifying inheritance is subject to division—based solely on the length of the marriage. The length of the marriage alone tells us little, if anything, about whether the social and financial objectives of ORS 107.105(1)(f) are being met in a particular property division. Rather, the factors identified by *Kunze* are ones that look at specific social and financial objectives—preservation of assets, economic self-sufficiency of the parties, and meeting the particular needs of the parties and their children—and whether the equities favor distributing a portion of separately held property to the other spouse due to how the parties treated that property in their joint finances. Those social and financial considerations surely are informed by the length of the marriage, but the length of the marriage alone is not a sufficient consideration. *See Van Winkel and Van Winkel*, 289 Or App 805, 814, 412 P3d 243, *rev den*, 363 Or 224 (2018) (discussing that the length of the marriage was not a determining factor; rather, the issue was whether the parties' financial arrangement, which included wife's separate real property, was commingled); *Boyd*, 226 Or App at 300 (recognizing that in a long-term marriage the parties should separate on as equal terms as possible, but concluding that wife's separate property should not have been considered part of the marital estate because excluding it resulted in an equitable division and there were no other considerations that supported including it). Here, the court did not identify any equitable considerations that properly applied the required methodology in *Kunze* to support the court's discretionary decision to award a portion of wife's inheritance to husband; thus, the court abused its discretion.

Under the correct methodology set out in *Kunze*, the trial court did not have discretion to do anything other than to award to wife her entire inheritance as her separate property. As the trial court found, wife took steps to keep her inheritance separate from the marital estate to ensure that it was protected from husband's creditors. Husband made no contributions toward obtaining or managing the inherited assets, the inheritance was not commingled into the financial affairs of the couple, and husband's earning capacity is significantly higher than wife's. Also, the court divided the

debts, which were in husband's name only, equally between husband and wife. To award part of wife's inheritance to husband would have the effect of wife shouldering more of that debt than husband, despite her specific intent to protect her separate inheritance from those debts. Accordingly, we modify the judgment to remove the equalizing judgment to husband.

Judgment modified to remove equalizing judgment in favor of husband; otherwise affirmed.