96 June 4, 2025 No. 495

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Benjamin Chad MORA,
*Petitioner-Appellant,*
*and*

Jade Marina MORA,
*Respondent-Respondent.*

Washington County Circuit Court
22DR03974; A181212

D. Charles Bailey, Jr., Judge.

Submitted March 18, 2025.

Benjamin Chad Mora filed the briefs *pro se*.

Andrew W. Newsom filed the briefs for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Husband appeals a dissolution judgment involving his two minor children, raising five assignments of error. We conclude that the trial court did not err as to assignments one, three, four, and five; husband seeks relief that would require us to engage in *de novo* review, but this is not an extraordinary case that merits the exercise of such review. ORAP 5.40(8)(c); *Brush and Brush*, 319 Or App 1, 3, 509 P3d 124 (2022).

We write only to address husband's second assignment of error asserting that the trial court erred by granting mother unequal parenting time without determining, by written findings, that equal parenting time was not in the best interests of the children as required by ORS 107.102(5)(c). Husband did not preserve his argument on appeal, and we do not exercise our discretion to review it as plain error. Therefore, we affirm.

The parties were married in 2017 and shared two children together. During the proceedings below, the parties stipulated to a parenting time agreement that the court and parties referred to as "50/50," where husband had the children from Sunday at 10:00 a.m. to Wednesday at 12:00 p.m. Despite the description the parties and the court used, in reality the stipulated agreement gave wife 209 overnights and husband only 156 overnights per year, given the midweek change with no alternating days. Husband requested that this "50/50" parenting agreement continue, and the trial court agreed in its written decision.[1]

Mother's attorney drafted the court's judgment. The parenting plan attached to that proposed general judgment contained minor changes: Husband's parenting time would begin at 12:00 p.m. on Sunday and would end when he dropped the children off for school Wednesday morning. On Wednesdays that the children did not have school, the drop-off time would remain at 12:00 p.m. Husband objected, arguing that the parenting plan did not provide the equal

---

[1] We note that husband did offer an alternative parenting plan that would have the children alternate weeks and holidays with each party. However, the record also reflects that husband requested that the parenting plan already in place continue, and the trial court's written decision reflected that resolution.

parenting time that he had requested. In his objections, husband did not request that the court make a best interests finding as required by ORS 107.102(5)(c). Husband filed a timely appeal of the trial court's judgment. On appeal, husband notes the lack of required findings and asks that we "modify the general judgment to incorporate [husband's] proposed—and the trial judge's ordered—["50/50"] parenting plan."

ORS 107.102(5)(c) requires that, "[i]f a parent requests that the court order equal parenting time in the parenting plan, the court may deny the request if the court determines, by written findings, that equal parenting time is not in the best interests of the child or endangers the safety of the parties." We have previously held that "to preserve for appeal a *procedural* claim of error, *i.e.*, a claim that the lack of findings was an error in and of itself, then it was incumbent upon [husband] to request findings." *Jaimez v. Rosales*, 323 Or App 741, 743, 525 P3d 92 (2023) (emphasis in original). To adequately preserve an issue, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

Husband did not preserve his argument that the court failed to make the requisite findings below. In addition, husband offers no argument on appeal that we should review the error as plain, and we decline to do so in this case. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (explaining that policy favors exercising discretion with the "utmost caution" to consider plain errors). While minor differences exist between the parenting plan to which the parties previously stipulated and the parenting plan attached to the judgment, those changes were within the trial court's discretion. *See Brush and Brush*, 279 Or App 25, 33, 377 P3d 620 (2016) ("Well-established case law further establishes that a domestic relations proceeding remains undecided until a written judgment is entered, even when the court has ruled from the bench."). Further, even if the failure to make a best interests finding required

by ORS 107.102(5)(c) could be considered a plain error in this case, we would decline to exercise our discretion to review it where the relief sought—substantive modification of the general judgment—is inconsistent with the available remedy, which would be only to remand for a narrow best interests finding pursuant to ORS 107.102(5)(c). *See Barzilay and Barzilay*, 329 Or App 250, 251, 541 P3d 235 (2023) (declining to address an assignment of error because, even if the trial court violated the rule, the trial court would not grant the requested relief).

Affirmed.