424 June 10, 2026 No. 518

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Helen Irene SHERMAN,
*Petitioner-Appellant,*
*and*

Mark Douglas SHERMAN,
*Respondent-Respondent.*

Washington County Circuit Court
22DR04971; A183923

Donald R. Letourneau, Senior Judge.

Argued and submitted February 18, 2026.

Andrew W. Newsom argued the cause and filed the briefs for appellant.

Michael J. Fearl argued the cause for respondent. Also on the brief was Schulte, Anderson, Downes, Aronson & Bittner, P.C.

Before Egan, Presiding Judge, Kamins, Judge, and Walters, Senior Judge.

KAMINS, J.

Property division and award of attorney fees vacated and remanded for reconsideration; otherwise affirmed.

**KAMINS, J.**

In this dissolution of marriage case, wife appeals a judgment awarding husband half of her post-separation earnings. Wife argues that the trial court erred in fashioning a just and proper division of assets with respect to her post-separation earnings. We conclude that the trial court abused its discretion in awarding husband half of wife's post-separation earnings by relying on the length of the marriage and the degree to which the parties had integrated their finances. We therefore vacate and remand.[1]

We "review the trial court's determination of a 'just and proper' property division for an abuse of discretion. In doing so, we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Morgan and Morgan*, 269 Or App 156, 161, 344 P3d 81, *rev den*, 357 Or 595 (2015) (quoting ORS 107.105(1)(f)).

We begin with the relevant background facts. The parties married in 1988. During the marriage, husband was the primary stay-at-home parent and homemaker while wife was the primary wage earner. The parties began physically and financially separating in January 2021, after which wife stopped depositing any income into the couple's joint bank account and instead opened several new bank accounts in her name only. Wife started a new job in July 2021, and began depositing her salary and bonuses into those separate accounts that only she could access (post-separation earnings). In doing so, as the trial court found, she intended that her earnings be for her rather than the family. Wife used the money from her separate accounts for her living expenses while husband used the money from the parties' joint account. In early 2022, wife moved out of the family home and petitioned for dissolution

---

[1] Wife also argues that the trial court erred in awarding attorney fees to husband. Our disposition has the effect of vacating and remanding that judgment as well. *See Cirina and Cirina*, 271 Or App 161, 167, 350 P3d 504 (2015) ("Because we vacate and remand for the trial court to reconsider questions concerning * * * property division, we likewise vacate and remand the award of attorney fees."); *Proctor and Proctor*, 204 Or App 250, 252, 129 P3d 186, *rev den*, 340 Or 672 (2006) ("In light of our decision to reverse and remand the property division for reconsideration, we vacate the trial court's decision on attorney fees and remand for reconsideration of that issue as well.").

of the marriage, and a general judgment of dissolution was entered in 2023. By the time of the general judgment, wife's post-separation earnings totaled approximately $671,659 in cash savings and $116,064 in a 401(k), nearly all of which came from the income from wife's new job.

The parties stipulated to a lump-sum payment from wife to husband of $237,000 in lieu of spousal support and divided assets acquired during the marriage. With respect to wife's post-separation earnings, the trial court determined that wife rebutted the presumption that husband contributed equally to those earnings but, nonetheless, awarded husband half of those earnings based on the length of the marriage and the parties' integrated finances during the marriage.[2] Wife now appeals, arguing that the length of the marriage by itself does not address the proper legal considerations.

ORS 107.105(1)(f) provides for the division of marital property in a dissolution judgment "as may be just and proper in all the circumstances." When reviewing a trial court's property division for abuse of discretion, we will not disturb that division "unless we conclude that the trial court misapplied the statutory and equitable considerations required under ORS 107.105(1)(f)." *Hixson and Hixson*, 235 Or App 217, 227-28, 230 P3d 946, *adh'd to as clarified on recons*, 235 Or App 570, 232 P3d 996 (2010). In other words, "[w]e will not disturb a trial court's determination of what property division is just and proper" as long as the trial court's award is "within the range of legally permissible outcomes." *Van Winkel and Van Winkel*, 289 Or App 805, 810, 412 P3d 243, *rev den*, 363 Or 224 (2018) (internal quotations marks omitted).

One of the statutory factors a trial court must consider under ORS 107.105(1)(f) is a rebuttable presumption of equal contribution. That factor states that, subject to exceptions not relevant here, "there is a rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held." ORS 107.105(1)(f)(C). "If a party ultimately rebuts the presumption that the other spouse

---

[2] The accounts were technically awarded to wife, but husband received an off-set using other marital property.

contributed equally to a disputed marital asset, then the court decides how to distribute that marital asset without regard to any presumption and, instead, considers only what is 'just and proper in all the circumstances,' including the proven contributions of the parties to the asset." *Kunze and Kunze*, 337 Or 122, 135, 92 P3d 100 (2004). When a party proves that a marital asset was acquired without any contribution by the other spouse, it is generally just and proper— unless additional considerations dictate otherwise—to award that asset separately to the party who overcame the presumption. *Davis and Davis*, 268 Or App 679, 681, 342 P3d 1117 (2015).

In addition to the statutory factors in ORS 107.105 (1)(f), a trial court's "just and proper" division of marital property also "requires" consideration of certain "equitable considerations that the Supreme Court has directed trial courts to consider 'to promote consistency and predictability in dissolution decrees.'" *Barzilay and Barzilay*, 329 Or App 250, 258, 541 P3d 235 (2023) (quoting *Kunze*, 337 Or at 132). Those equitable considerations, established in *Kunze*, operate alongside but are distinct from the statutory factors, and "take[] into account the social and financial objectives of the dissolution, as well as any other considerations that bear upon the question of what division of the marital property is equitable." *Id.* at 135.

Those considerations include the preservation of assets, achievement of economic self-sufficiency for both spouses, and the particular needs of the parties and their children. *Id.* at 136. Another consideration identified in *Kunze* is the extent to which a spouse has integrated a separately acquired asset into the common financial affairs of the marriage through commingling. *Id.* Commingling occurs when the parties' shared financial decisions are made in reliance on the separate asset without regard to whether it was separately acquired. *Id.* at 140. In determining whether commingling supports inclusion of a separately acquired asset in the marital property division, the court focuses on whether the spouse who acquired the asset demonstrated an intent to retain it as separate property or instead intended it to become part of the marital estate. *Id.* at 142.

Although those considerations are nonexclusive, *Hostetler and Hostetler*, 269 Or App 312, 322, 344 P3d 126 (2015), any additional equitable considerations "must, nonetheless, be directed at meeting the objectives of ORS 107.105(1)(f) to promote consistency and predictability in dissolution decrees." *Brush and Brush*, 319 Or App 1, 11, 509 P3d 124 (2022). In *Brush*, we adhered to that admonition by rejecting the length of marriage as a sufficient standalone equitable consideration, explaining that the length of marriage alone "tells us little, if anything, about whether the social and financial objectives of ORS 107.105(1)(f) are being met in a particular property division." *Id*. at 12.

With that background in mind, we turn to the parties' arguments on appeal. Wife argues that the trial court erred in fashioning a just and proper division of assets with respect to her post-separation earnings. Although the trial court determined that wife had rebutted the presumption of equal contribution as to those assets, wife contends that the court nonetheless erred in awarding half of those earnings to husband without identifying any statutory factor or equitable consideration to support that decision. The trial court provided the following reasoning in support of its decision:

> "Wife has overcome the presumption of equal contribution with respect to the money she earned after she left the family home.

> "But, under a just and proper analysis, her earnings shall be divided between the parties as described in this letter. The court has reviewed the Family Law CLE at Section 6.1-4 and applied the legal principles found there to this case. The court takes into consideration the statutory factors under ORS 107.105(1)(f) as well as the social and financial objectives of the dissolution.

> "As the Family Law CLE states at Section 6.2-3, in a long-term marriage, the parties should generally leave on equal footing. *Wolfe and Wolfe*, 248 Or App [582, 273 P3d 915], *rev den*, 352 Or 266 (2012). This is especially true when financial affairs are fully integrated. This thirty-five year marriage does not generally present a case to depart from these traditional principles."

Wife argues that the court improperly relied on the length of the marriage, which is neither a statutory factor under ORS 107.105(1)(f) nor an equitable consideration directed at meeting the social and financial objectives of that statute—namely, achieving a property division that is "just and proper in all the circumstances."

Husband responds that wife misreads the trial court's reasoning and that the "obvious implication" of the ruling is that the trial court instead relied on the parties' relative capacities for economic self-sufficiency in order to place the parties on more equal footing—considerations that he contends are consistent with the equitable framework described in *Kunze*.

We agree with wife's reading of the decision. Here, the trial court cited to two sources in support of its belief that "in a long-term marriage, the parties should generally leave on equal footing" specifically when dividing wife's post-separation earnings and regardless of wife overcoming the presumption of equal contribution. As we explain, however, neither source ultimately supports that proposition.

The first cited source was the "Family Law CLE *** at Section 6.2-3." That appears to be a reference to the Oregon State Bar's publication for practitioners, 1 *Family Law in Oregon* (OSB Legal Pubs). It is unclear which of the eight editions the trial court cited, and, regardless, a bar publication is not a legal authority. In any event, the most recent edition of that publication discusses length of the marriage as a *historical* background—not a consideration that courts should continue to follow:

> "Oregon cases have historically focused on the length of the marriage when dividing property; however, it is clear that after the Oregon Supreme Court's ruling in []*Kunze*, an emphasis on only the number of years of marriage rather than the extent to which the parties have integrated assets into their common financial affairs is likely misplaced. Historically, the court emphasized that, in short-term marriages, the parties should be put back in the same financial circumstances they would have been in had no marriage taken place. *** Conversely, '[p]arties to a long-term marriage should leave the marriage in approximately

equal positions, if possible.' [*Hill and Hill*], 90 Or App 493, 495, 752 P2d 1264 (1988).

"*A current reliance on whether the marriage was 'short-term' or 'long-term' should be avoided*, and instead lawyers should focus on both the expectations of the parties and the degree of financial integration."

Lauren Saucy & Paul Saucy, Chapter 6: Property Rights and Division, § 6.2-3, in 1 *Family Law in Oregon* (8th ed 2023) (emphasis added).

The trial court also cited to *Wolfe* in stating that in a long-term marriage, parties should generally leave on equal footing, especially when financial affairs are fully integrated. However, the rationale behind *Wolfe*'s analysis of the "social and financial objectives of the dissolution" factor rested entirely on a couple's "shared future" and "shared finances" and is far less relevant here, when wife kept her post-separation earnings fully *separate*:

"[W]hen couples enter marriage, they ordinarily commit themselves to an indefinite shared future of which shared finances are a part. Acquisitions are made, forgone or replaced for the good of the family unit rather than for the financial interests of either spouse. Property is bought, sold, enhanced, diminished, intermixed and used *without regard to ease of division* upon termination of the marriage."

248 Or App at 598 (internal quotation marks omitted). That rationale does not apply here, where wife kept her post-separation earnings separate, making them easily divided upon termination of the marriage. *See also id.* at 598-99 (further reasoning that the husband's separately held property should be divided because "husband intended—at least until the marriage deteriorated—for the disputed property as a whole to be available to the family unit when necessary").

Here, the desire to leave parties on equal footing due to the length of the marriage, and the court's statement that the parties' financial affairs were "fully integrated" do not support husband's award of half of wife's post-separation earnings. The fact that the parties were married for 35 years should not have been the focus of the court's analysis after wife rebutted the presumption of equal contribution. Length of the marriage alone is not an equitable consideration under

*Kunze*, nor is it an independent consideration that advances the statutory objectives of ORS 107.105(1)(f) in determining whether separately acquired property should be divided. *See Brush*, 319 Or App at 11 (explaining that length of marriage, by itself, says little about whether the social and financial objectives of dissolution are met); *see also Van Winkel*, 289 Or App at 814 (discussing that the length of the marriage is not determinative in the property division analysis).

The record, moreover, does not support the trial court's determination that the parties' finances were "fully integrated." Wife's post-separation earnings were made for her own financial interest rather than for the marital partnership. The trial court expressly found that wife "intended that her earnings be for her rather than the family" by separating her income into her own account starting in January 2021. That finding is inconsistent with the trial court's reasoning in the judgment, which relied on the parties' "financial affairs" being "fully integrated."

Accordingly, the court's reliance on financial integration and its citation to *Wolfe* did not provide a valid equitable basis for awarding husband a share of wife's post-separation earnings. In the absence of any articulated equitable consideration advancing the social and financial objectives of ORS 107.105(1)(f), the trial court abused its discretion awarding husband half of wife's post-separation earnings.

Property division and award of attorney fees vacated and remanded for reconsideration; otherwise affirmed.